**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**J. Mark Coulson**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**P:(410) 962-4953 — F:(410) 962-2985** |

November 8, 2023

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:   *Betty C. v. Commissioner, Social Security Administration*
       Civil No. 1:23-CV-00246-JMC

Dear Counsel:

Betty C. ("Plaintiff") petitioned this Court on January 30, 2023, to review the Social Security Administration's ("SSA" or "Defendant") final decision denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (ECF No. 1). The Court has considered the record in this case as well as the parties' dispositive filings (ECF Nos. 12, 15).[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold an agency decision if the decision is supported by substantial evidence and was reached through application of the proper legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the SSA's final decision for the reasons explained below.

Plaintiff filed her claims for DIB and SSI on January 23, 2020, and October 19, 2021, respectively, alleging disability beginning October 28, 2019. (Tr. 10).[2] Her claim was denied initially and again upon reconsideration. *Id.* Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") on June 29, 2021. *Id.* Plaintiff's claim was heard before ALJ Donna M. Edwards on May 11, 2022, via telephone given the Coronavirus Pandemic. *Id.* ALJ Edwards subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. *Id.* at 10–20. The Appeals Council declined to review the ALJ's decision on December 16, 2022, thereby making the ALJ's decision the final reviewable decision of the SSA. (Tr. 1–5).

---

[1] Plaintiff chose not to file a reply brief. The Court therefore limits its decision to Plaintiff's initial brief, Defendant's brief, and the administrative record. *See* Loc. R. 105.2 (D. Md. 2023).

[2] When the Court cites to "Tr.," it is citing to the official transcript (ECF No. 9) filed in this case. When citing to specific page numbers within the official transcript, the Court is referring to the page numbers provided in the lower right corner of the official transcript pages.

In arriving at the decision to deny Plaintiff's claims, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ must then assess the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work[,]" by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If the claimant makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

At step one in this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability October 28, 2019. (Tr. 12). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "Type I diabetes with mild retinopathy and degenerative joint disease ("DJD") of the bilateral knees. (20 CFR §§ 404.1520(c) and 416.920(c))." *Id.* at 13. The ALJ further noted Plaintiff's "medically determinable impairments of anxiety and depression," but concluded that these conditions were non-severe because they "do not cause more than minimal limitation in the [Plaintiff's] ability to perform basic mental work activities." *Id.*

At step three, the ALJ determined that Plaintiff's impairments do not meet or equal one of the listed impairments in the regulations given Plaintiff's knee DJD and diabetes. *Id.* at 15; 20 CFR §§ 404(p), 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. As to Plaintiff's knee DJD, the ALJ opined that the Listing 1.18 criteria was not met because Plaintiff "does not have a documented need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands." *Id.* at 15. As to Plaintiff's diabetes, the ALJ found that there was "no evidence of end organ damage" and that Plaintiff "has no evidence of complications of Diabetes as described in Section 9.00B.5." *Id.*

Finding that Plaintiff had not proven that her severe impairments met or equaled one of the listed impairments in the SSA regulations, the ALJ determined Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except: She can never crawl, and she can have no exposure to unprotected heights, moving machinery, open flames, and open bodies of water. She cannot perform jobs that require her to operate a motor vehicle.

*Id.* The ALJ assessed the persuasiveness of various medical practitioners in coming to this

conclusion. Of particular relevance, nurse practitioner Cynthia Shump—former Director of the Johns Hopkins Diabetes Center—opined in a 1.5-page document that Plaintiff should be granted disability benefits. *Id.* at 485–86. Specifically, Ms. Shump stated:

> [Plaintiff] was diagnosed with Type I diabetes at the age of 2 or 3 in the setting of listlessness, frequent urination and extreme thirst. She has now had diabetes for approximately 57 years. To her credit, she has done the myriad of tasks necessary to control her diabetes very well and she is without the serious complications of retinopathy, renal disease, vascular disease and infections. She has also been able to work until the most recent years. Despite this, she is not unscathed by the diabetes.
>
> [Plaintiff] has difficulty with fine motor hand/finger function. She has had carpal tunnel syndrome bilaterally and multiple trigger fingers as is the case of many people with diabetes. She has required multiple surgical procedures due to same. Currently, she has episodes of dropping things without warning. The risk of danger with operating equipment is clear.
>
> With the excellent blood sugar control that [Plaintiff] has maintained, comes the inherent risk of low blood sugar. Frequently, she has the usual symptoms of shaking and sweating when her blood sugar goes low and she is alerted to self treat this emergency. Most worrisome however, is when she does not get these symptoms and instead has confusion, incoordination, etc. She has expressed fear of these episodes and tests her blood sugar frequently in an attempt to prevent them. She points to hypoglycemia unawareness as a significant impediment to working. Also, her physician has had concerns about her driving if she were to have an episode of hypoglycemia related confusion. She has committed to testing and raising her blood sugar with some glucose tablets before getting behind the wheel of her car.
>
> [Plaintiff] reports depression and anxiety that has worsened in recent years. She points to the rigors of taking care of the diabetes over a lifetime as a cause. She maintains diligence with her diet, activity, blood sugar testing, insulin dosing and the necessary problem solving day in and day out to strive for balance. She admits to fear of confusion or loss of consciousness with a low blood sugar amid a concurrent fear of diabetic complications if her sugar runs too high. The reports difficulty with concentration, low motivation and 'can't get out of bed sometimes.' She does some writing in an effort to cope.
>
> In conclusion, it is my hope that [Plaintiff] will be granted Social Security Disability benefits. A lifetime of doing the work to control her diabetes has exacted a toll both physically and psychologically. Continued good health requires her full attention and an obligation to work presents a severe impediment in her ability to do so.
>
> Thank you for your attention to this matter.

*Id.* The ALJ found Ms. Shump's "assessment unpersuasive because no specific limitations were given, making the assessment vague and unsupported." *Id.* at 19.

The ALJ next concluded at step four that Plaintiff is capable of performing past relevant work as a receptionist and as a secretary, neither of which required the performance of work-related activities precluded by Plaintiff's RFC. *Id.* The ALJ also clarified that "To be considered past relevant work, the [Plaintiff] must have performed a job within the past 15 years, for long enough to learn the job, and for substantially gainful earnings . . . as defined by this agency's regulations." *Id.* Thus, Plaintiff's testimony, prior work history, and earnings record indicated that she engaged in past relevant work as a receptionist and secretary for which her medical impairments would not impede her ability to perform. *Id.* at 19–20. Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from October 28, 2019, through the date of the ALJ's decision. *Id.* at 20.

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through an application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, . . . [which] consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (other citation and internal quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

Plaintiff argues on appeal that the ALJ's decision was not supported by substantial evidence because "the ALJ failed to consider the nature and effects of Plaintiff's rare disorder, brittle diabetes, including the rigorous steps Plaintiff must take daily to control it. The ALJ's subjective symptom analysis of Plaintiff's brittle diabetes under S.S.R. 16-3p is deficient." (ECF No. 12 at p. 5). This criticism is ultimately framed as a challenge to the ALJ's RFC evaluation. *See id.* at 9 ("A light exertional RFC with no crawling and certain prohibited environmental exposures . . . fails to address the crux of why Plaintiff alleges she cannot work: the rigors, stress, and time necessary to properly manage her brittle diabetes as a person now approaching retirement age."). Plaintiff also takes issue with the ALJ's discreditation of Ms. Shump's "thorough description and assessment of why Plaintiff cannot work due to this rare disorder." *Id.* at 7. For the reasons that follow, I disagree with Plaintiff and find that the ALJ's decision is supported by substantial evidence. As such, I will affirm the decision of the ALJ.

## ANALYSIS

The ALJ properly considered the nature and effects of Plaintiff's diabetes in coming to her conclusions. Plaintiff submits that her medical records evince a history of "brittle" or "hard-to-control" diabetes, characterized by wide variations in blood glucose which are hard to predict and can disrupt the quality of life. *Id.* at 6. "Thus, fluctuations in blood sugar due to Plaintiff's brittle diabetes require frequent monitoring, much more so than average," meaning that "a normal work routine would be disrupted by her brittle diabetes, which requires an insulin pump and proper

dosing, requires her to check her blood sugar frequently, and requires her to adjust her food intake in an attempt to maintain her sugar level." *Id.* Plaintiff argues that (1) the ALJ failed to properly consider Plaintiff's brittle disease despite it being "mentioned throughout the record"; (2) the ALJ did not address or consider the subjective symptom evidence of Plaintiff's brittle diabetes "at all," including improperly discrediting Ms. Shump's opinion; and (3) the ALJ analyzed Plaintiff's brittle diabetes "simply in the context of how much joint pain it causes her." *Id.* at 7–8. Each argument is unpersuasive.

As a preliminary matter, Plaintiff's brittle diabetes is not mentioned in the record as thoroughly as Plaintiff insinuates; rather, it appears in treatment records from Westminster Internal Medicine three times within the entire 513-page record. (Tr. 322, 325, 331). Plaintiff cites only as much in her brief. (ECF No. 12 at p. 7). Notably, not even Ms. Shump highlights that Plaintiff has brittle diabetes in the context of her above opinion. Nevertheless, the ALJ properly considered Plaintiff's brittle diabetes in the same manner that she considered the subjective symptom evidence of Plaintiff's brittle diabetes.

For instance, Plaintiff contends that the ALJ insufficiently considered the toll that brittle diabetes has on Plaintiff's daily life, including the requirements that Plaintiff regularly use an insulin pump, adjust her dosing, check her blood sugar frequently, and adjust her food intake to maintain her sugar level. *Id.* at 6. "An ALJ's opinion is supported by substantial evidence, when it builds an accurate and logical bridge between the evidence and the ALJ's conclusions." *Ray A. v. Kijakazi, Acting Comm'r of Soc. Sec.*, No. CV GLS 20-1103, 2021 WL 5331669, at *1 (D. Md. Nov. 16, 2021) (citing *Arakas v. Cmm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020)) (cleaned up); *see also Brittany C. v. Kijakazi*, No. CV CBD-20-3751, 2022 WL 783330, at *3 (D. Md. Mar. 15, 2022) ("[T]he ALJ must *both* identify evidence that supports his conclusion *and* build an accurate logical bridge from [that] evidence to his conclusion.") (quotation omitted) (emphasis in original). Although the ALJ did not specifically use the phrase "brittle diabetes" in her decision, she includes an abundant discussion of Plaintiff's medical records that contradict Plaintiff's assertions regarding the effects Plaintiff's diabetes has on her everyday life. For example, the ALJ acknowledged Plaintiff's "hypoglycemia unawareness" resulting from spikes in Plaintiff's blood sugar, but also noted that Plaintiff's physical exams with regard to her hypoglycemia have been consistently unremarkable; Plaintiff's blood glucose range has improved over time; Plaintiff's primary care and treatment records indicate that her diabetes is well controlled; and Plaintiff is otherwise able to engage in daily activities like checking her blood sugar, preparing food, conducting yard wok, socializing, doing house chores, and taking care of her own needs independently. (Tr. 14–20).[3] The ALJ's reliance on this evidence erects a sufficient "logical bridge" between it and the ALJ's conclusion that Plaintiff's concerns are not consistent with the available objective medical evidence regarding Plaintiff's diabetes. *See Dinah H. v. Kijakazi*, No. CV TJS-21-2038, 2022 WL 3139812, at *3 (D. Md. Aug. 5, 2022) ("The ALJ's

---

[3] In fact, even Ms. Shump's medical opinion indicates that Plaintiff has been successful historically in managing her diabetes, although Ms. Shump does not specifically opine that Plaintiff has brittle diabetes. *See* (Tr. 485) ("To her credit, [Plaintiff] has done the myriad of tasks necessary to control her diabetes very well and she is without the serious complications of retinopathy, renal disease, vascular disease and infections."); *see also id.* (noting that Plaintiff has engaged in "excellent blood sugar control" and "has committed to testing and raising her blood sugar with some glucose tablets before getting behind the wheel of her car"); *id.* at 486 ("[Plaintiff] maintains diligence with her diet, activity, blood sugar testing, insulin dosing and the necessary problem solving day in and day out to strive for balance.").

decision contains a detailed discussion of the evidence, including the claimant's subjective reports of her condition over time, the claimant's reported daily activities, treatment notes containing observations of the claimant's condition over time, the results of consultative examinations, and medical opinions . . . the ALJ's explanation is sufficient for this Court to conduct its review.").

Turning to Ms. Shump's opinion, Plaintiff submits that, "Under S.S.R. 16-3p, ALJs must 'consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms' associated with a Plaintiff's medically determinable impairments" before arguing that the ALJ failed to do so by finding Ms. Shump's opinion unpersuasive. (ECF No. 12 at pp. 7–9). S.S.R. 16-3p also provides, though, that "In determining whether an individual is disabled, we consider all of the individual's symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." 2017 WL 5180304, at *2. Thus, it was proper for the ALJ to reject Ms. Shump's medical opinion if the ALJ found that it was unsupported by the Plaintiff's medical record as whole. *See Hall v. Comm'r, Soc. Sec. Admin.*, No. CIV. SAG-11-3179, 2013 WL 105336, at *2 (D. Md. Jan. 7, 2013) (citing *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001), for the proposition that "The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole"); *Carter v. Astrue*, No. CIV.A. CBD-10-1882, 2011 WL 3273060, at *7 (D. Md. July 27, 2011) (affirming ALJ's decision to afford little weight to medical expert's opinion where the opinion "provide[d] Plaintiff with the basis for his argument that he is disabled" but was contradicted by other medical evidence in the record). A corollary to this principle is that "An ALJ's determination 'as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion." *Virginia T. v. Saul*, No. CV DLB-19-2354, 2020 WL 3448080, at *3 (D. Md. June 24, 2020) (quoting *Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015)). The ALJ determined that Ms. Shump's assessment was unpersuasive because it contained no specific limitations and thus was vague and unsupported. (Tr. 19). This is a sufficient reason for the ALJ to assign limited weight to Ms. Shump's opinion. *See Marvin J. v. Kijakazi*, No. 2:20CV356, 2021 WL 3719274, at *20 (E.D. Va. July 30, 2021), *report and recommendation adopted*, No. 2:20-CV-356, 2021 WL 3711179 (E.D. Va. Aug. 20, 2021) (upholding ALJ's decision to assign little weight to medical opinion because "Absent more specific limitations, the ALJ found the opinions to be unpersuasive and unsupported"); *Samuel P. v. Comm'r of Soc. Sec.*, No. 20-5881, 2021 WL 5769404, at *6 (W.D. Wash. Dec. 6, 2021) ("With regard to the ALJ's first reason, a finding that a medical opinion does not contain specific functional limitations, or is otherwise too vague to be useful in making a determination, can serve as a valid reason for discounting that opinion.") (citing *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999)).

Finally, Plaintiff's argument that "the ALJ seems to analyze Plaintiff's brittle diabetes simply in the context of how much joint pain it causes her" is likewise unpersuasive. (ECF No. 12 at p. 8). Plaintiff is correct that the ALJ concluded in one of the penultimate paragraphs of her decision that Plaintiff can still function at a light exertional level given the joint pain from Plaintiff's knee DJD and diabetes. (Tr. 19). However, the ALJ sufficiently analyzed Plaintiff's brittle diabetes in the context of the "rigorous and exacting medical management it takes for Plaintiff to control" her diabetes when the ALJ detailed the testimony, medical records, physical

exams, and ability of Plaintiff to participate in a wide range of everyday activities—including adjusting her insulin pump, monitoring her own blood sugar levels, and caring for herself—that contradicted Plaintiff's position that her diabetes prevents her from working. (ECF No. 12 at pp. 8–9); (Tr. 14–20).

## **CONCLUSION**

Accordingly, for the reasons set forth herein, ALJ Edwards' decision regarding Plaintiff's qualification for SSI and DIB benefits under the applicable Social Security Administration Regulations is supported by substantial evidence and hereby AFFIRMED.

Despite the informal nature of this letter, it is an Order and Opinion of the Court, and the Clerk is directed to docket it as such.

                                                  Sincerely yours,

                                                  _____/s/_____

                                                  J. Mark Coulson
                                                  United States Magistrate Judge